IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. GAMMINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-666-LPS-SRF |
| | ) | |
| AMERICAN TELEPHONE & | ) | |
| TELEGRAPH COMPANY, AND | ) | |
| UNKNOWN AMERICAN TELEPHONE | ) | |
| & TELEGRAPH SUBSIDIARIES, | ) | |
| | ) | |
| CENTURY LINK, INC. AND | ) | |
| UNKNOWN CENTURY LINK | ) | |
| SUBSIDIARIES, | ) | |
| | ) | |
| SPRINT COMMUNICATIONS | ) | |
| COMPANY L.P., SPRINT SPECTRUM | ) | |
| L.P., NEXTEL OPERATIONS, INC., | ) | |
| VIRGIN MOBILE USA, L.P., SPRINT | ) | |
| NEXTEL CORPORATION, AND | ) | |
| UNKNOWN SPRINT SUBSIDIARIES, | ) | |
| | ) | |
| VERIZON COMMUNICATIONS, INC., | ) | |
| AND UNKNOWN VERIZON | ) | |
| SUBSIDIARIES, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this patent infringement action is a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendant AT&T Corp. (f/k/a American Telephone & Telegraph Company) ("AT&T"), seeking dismissal with prejudice of Count II of plaintiff John R. Gammino's ("Gammino") complaint for failure to state a claim of inducing patent infringement against AT&T. (D.I. 21) Gammino does not object to dismissal of the indirect infringement

claim, as evidenced by his September 24, 2012 Notice of Dismissal Without Prejudice. (D.I. 27) Instead, Gammino disputes only whether the inducement claim against AT&T should be dismissed with or without prejudice. (D.I. 28)

I recommend that the court enter an order stating that: (1) AT&T's motion to dismiss Count II of the complaint is moot in light of Gammino's Notice of Voluntary Dismissal, and (2) the dismissal of Count II is with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). The court must treat Gammino's voluntary dismissal of Count II of the pending complaint as an adjudication on the merits because Gammino previously dismissed an identical claim regarding the same patent in an action before the Eastern District of Pennsylvania three months before the present action was filed. (D.I. 29, Exs. 1 & 2) "Rule 41 provides that after a plaintiff's voluntary dismissal, the plaintiff may file the complaint one more time, but that if it should be dismissed voluntarily again, it will be with prejudice." *Thomas v. Ramapo College of New Jersey*, C.A. No. 10-3898, 2011 WL 3206448, at *2 (D.N.J. July 27, 2011). According to Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order In Non Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: November 15, 2012

_____
UNITED STATES MAGISTRATE JUDGE