IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN R. GAMMINO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-666-LPS |
| | : | |
| AMERICAN TELEPHONE AND TELEGRAPH COMPANY, AND UNKNOWN AMERICAN TELEPHONE & TELEGRAPH COMPANY SUBSIDIARIES, | : | |
| | : | |
| CENTURYTEL LONG DISTANCE LLC, EMBARQ PAYPHONE SERVICES INC., QWEST COMMUNICATIONS COMPANY LLC, EMBARQ COMMUNICATIONS INC., | : | |
| | : | |
| SPRINT COMMUNICATIONS COMPANY LP, SPRINT SPECTRUM LP, NEXTEL OPERATIONS INC., VIRGIN MOBILE USA LP, SPRINT NEXTEL CORPORATION, AND UNKNOWN SPRINT SUBSIDIARIES, | : | |
| | : | |
| VERIZON COMMUNICATIONS INC., AND UNKNOWN VERIZON SUBSIDIARIES, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this **22nd** day of **November, 2013**:

Pending before the Court are motions filed by Plaintiff John R. Gammino ("Plaintiff") and Defendants American Telephone & Telegraph Company ("AT&T"); CenturyTel Long

Distance LLS, Embarq Payphone Services, Inc., Embarq Communications Inc., and Qwest Communications Company, LLC ("CenturyTel"); Sprint Communications Company L.P., Sprint Spectrum L.P., Nextel Operations Inc., Virgin Mobile USA, L.P., and Sprint Nextel Corporation ("Sprint"); and Verizon Communications Inc. ("Verizon").

Plaintiff's Motion for Leave to Amend

Plaintiff initiated this patent infringement action by filing of a complaint on May 29, 2012. (D.I. 1) The original complaint asserted claims for direct and indirect infringement of U.S. Patent No. 5,359,643 ("the '643 patent") against all Defendants. The original complaint also sought as relief treble damages for willful infringement. (D.I. 1 at 13) After AT&T filed a motion to dismiss (D.I. 21), Plaintiff voluntarily dismissed the indirect infringement claims against all Defendants. (D.I. 27; *see also* D.I. 44; D.I. 49 (holding dismissal of indirect infringement claim against AT&T was with prejudice, pursuant to F.R.C.P. 41(a)(1)(B), due to prior dismissal of same claim against same defendant in related action))

On November 7, 2012, Plaintiff filed his pending Motion for Leave to File Amended Complaint. (D.I. 41) ("Motion to Amend") By his Motion to Amend, Plaintiff seeks to clarify and strengthen his assertions of direct and willful infringement against all Defendants. (D.I. 42 at 2) Plaintiff's proposed amendments would add: additional CenturyTel defendants; examples of advertising by each set of Defendants that describe allegedly infringing methods and practices used for placing a telephone call through a central office using methods of payment to place the call; allegations that CenturyTel, AT&T, and Verizon have been on notice of infringement of the patent-in-suit since at least the May 2012 filing of the original complaint; and allegations that Sprint has been on notice of its infringement of the patent-in-suit since at least January 2011,

based on the filing of a patent infringement action in the Eastern District of Pennsylvania. (*See* D.I. 41-9)

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F.Supp. 2d 631, 634 (D. Del. 2006).

Only AT&T opposes Plaintiff's Motion to Amend. AT&T argues only that amendment is futile because Plaintiff's claims of patent infringement are barred by the doctrine of claim preclusion. (D.I. 46 at 7) AT&T contends that because the dismissal of former Count II – alleging indirect infringement against AT&T – was with prejudice, and because Plaintiff's claim for direct infringement is asserted against the same defendant on the same alleged facts, the adjudication on the merits of the claim for indirect infringement must also bar Plaintiff's claim

3

for direct infringement. (*Id.* at 3-4)[1]

The Court disagrees. *Res judicata* (claim preclusion) applies to actions brought subsequent to an adjudication on the merits; in combination with Rule 41(a)(1), it prevents a plaintiff from bringing the same complaint for a third time after two previous voluntary dismissals. *See, e.g., American Cyanamid Co. v. Capuano*, 381 F.3d 6, 17 (1st Cir. 2004); *Manning*, 914 F.2d at 47; *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co. Ltd.*, 291 F.R.D. 75, 78 (D. Del. 2013); *Catbridge Machinery, LLC v. Cytec Engineered Materials*, 2012 WL 2958244 at 1-2 (D.N.J. Jul. 18, 2012). For *res judicata* to apply, among other things the adjudication on the merits must have occurred in a previous proceeding and resulted in a final judgment. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008); *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). The dismissal with prejudice of Plaintiff's indirect infringement claim occurred in the instant action and there has been no final judgment. Moreover, Plaintiff's dismissed indirect infringement cause of action arises under 35 U.S.C. § 271(b), while Plaintiff's remaining direct infringement cause of action arises under a different statute, namely 35 U.S.C. § 271(a). *Res judicata* does not bar Plaintiff's direct infringement claim.

As AT&T's opposition to the Motion to Amend is based solely on futility, and the Court has rejected that position, it follows that the Court will grant Plaintiff's Motion to Amend.

---

[1] Pursuant to Federal Rule of Civil Procedure 41(a)(1), the "two dismissal rule" means that a second voluntary dismissal serves as an "adjudication upon the merits" and the doctrine of *res judicata* applies. *See Manning v. South Carolina Dept. of Highway & Public Transp.*, 914 F.2d 44, 47 (4th Cir. 1990).

Defendants' Motions to Dismiss

On October 11, 2012, Defendant CenturyTel answered Plaintiff's complaint regarding direct infringement and simultaneously moved to dismiss Plaintiff's claim for willful infringement. (D.I. 31 ("CenturyTel's Motion"), 33) CenturyTel argues that Plaintiff's complaint fails to allege either knowledge of the '643 patent or disregard of an objectively high risk of infringement. (D.I. 32 at 1)

Also on October 11, 2012, Verizon filed a motion to dismiss (D.I. 34 ("Verizon Motion")), which is joined by Sprint (D.I. 37). The Verizon Motion contends that the complaint fails to state a claim for direct infringement, as it does not adequately identify an infringing product or process; and fails to state a claim for willful infringement, as it does not allege knowledge of the '643 patent or disregard of an objectively high risk of infringement by defendants. (D.I. 35 at 1; D.I. 37)

The motions to dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.,* 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.,* 113 F.3d 405, 417 (3d Cir.

5

1997), or allegations that are "self-evidently false," *Nami v. Fauver,* 82 F.3d 63, 69 (3d Cir. 1996). Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler,* 578 F.3d at 211 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

Because the CenturyTel and Verizon Motions are directed to the original complaint, and today the Court is granting Plaintiff's Motion to Amend – making the proposed Amended Complaint the operative complaint – the Court will deny the motions to dismiss as moot. Nonetheless, in light of the length of time that this action has already been pending, and in hopes that yet another round of motions to dismiss may be avoided,[2] the Court offers the following guidance as to the adequacy of the pleadings contained in the Amended Complaint.

Direct Infringement

"District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ('Form 18')." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 2013 WL 1668960, at *1 (Fed. Cir.

---

[2]The Court recognizes that the Defendants who did not oppose Plaintiff's Motion to Amend have stated "they reserve their right to move to dismiss the Amended Complaint." (D.I. 47 at 2)

6

Apr.18, 2013); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356–57 (Fed. Cir. 2007). As it relates to accused products, Form 18 only requires identification of a general category of products, for example "electrical motors." Plaintiffs must specify at least a general class of products or a general identification of an allegedly infringing method. *See Eidos Comms., LLC v. Skype Techs. SA,* 686 F.Supp. 2d 465, 467 (D. Del. 2010). Identification of one allegedly infringing product or method for each count of infringement alleged in a complaint is generally sufficient to meet the requirements of Form 18. *See Clouding IP, LLC v. Amazon.com, Inc.,* 2013 WL 2293452 at *2 (D. Del. May 24, 2013).

In the Verizon Motion, Verizon (joined by Sprint) argues that Plaintiff has not identified an infringing product or method in sufficient detail to provide fair notice of the alleged direct infringement. (D.I. 35 at 4) The Amended Complaint attaches examples of Verizon's internet advertising, illustrating methods of placing telephone calls on Verizon's systems and network, which are expressly alleged by Plaintiff to be within the scope of the claims of the '643 patent. (D.I. 41-3 at ¶¶ 76; D.I. 41-8) The Amended Complaint contains similar allegations and attachments relating to Sprint. (D.I. 41-3 at ¶¶ 57; D.I. 41-7) Consistent with Form 18, it appears that these allegations are adequate for pleading direct infringement. *See Clouding IP,* 2013 WL 2293452, at *2.

<u>Willful infringement</u>

In order to plead a claim for willful infringement, a plaintiff must provide "a pleading equivalent to 'with a knowledge of the patent and of his infringement.'" *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.,* 400 F.3d 910, 918 (Fed. Cir. 2005). "[A]n allegation of willful infringement is not subject to a heightened pleading standard, but instead must meet the

requirements of Rules 8 and 11(b) of the Federal Rules of Civil Procedure." *Milwaukee Elec. Tool Corp. v. Hitachi Koki Co., Ltd.,* 2011 WL 665439, at *2 (E.D. Wisc. Feb. 14, 2011); *see also generally Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC,* 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required [for fraud]."); *MobileMedia Ideas LLC v. HTC Corp.,* 2011 WL 4347037 at *2 (E.D. Tex. Sep. 15, 2011) ("[T]he bar for pleading willful infringement is not high."). Pursuant to Federal Rule of Civil Procedure 9, knowledge may be averred generally. For purposes of pleading willful infringement, knowledge of the patent by the defendant may be alleged in a subsequently amended complaint based on allegations of infringement contained in an original complaint. *See Clouding IP, LLC v. Google Inc.,* 2013 WL 5176702 at *1 (D. Del. Sept. 26, 2013) (citing *Cloud Farm Assoc., LLP v. Volkswagen Group of Am. Inc.,* 2012 WL 3069390 (D. Del. July 27, 2012)).

CenturyTel argued that the original complaint contained no allegation it had notice of the '643 patent or of an objectively high likelihood of infringement. (D.I. 32 at 3) Plaintiff's Amended Complaint alleges notice of the '643 patent as of the date of the filing of the original complaint, and further alleges a high risk of infringement. (D.I. 41-3 at ¶¶ 50-51) Consistent with this Court's prior decision in *Clouding IP v. Google, see* 2013 WL 5176702, at *1, it appears that these allegations are adequate for pleading willful infringement.

In the Verizon Motion, Verizon and Sprint make essentially the same contentions regarding the inadequacy of the willfulness allegations contained in the original complaint. For at least the same reasons as already given, it appears that the allegations of the Amended Complaint are adequate for pleading willful infringement. With respect to Sprint, the Amended

Complaint further alleges knowledge of the patent-in-suit since at least January 2011, based on prior litigation between the parties.

Conclusion

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Leave to File Amended Complaint (D.I. 41) is **GRANTED**. The proposed amended complaint (D.I. 41-3) is **DEEMED FILED**.

2   Defendant CenturyTel's Motion to Dismiss Plaintiff's Claim for Willful Patent Infringement (D.I. 31) is **DENIED AS MOOT**.

3.  Defendant Verizon's Motion to Dismiss (D.I. 34), in which Defendant Sprint joins (D.I. 37), is **DENIED AS MOOT**.

_____
UNITED STATES DISTRICT JUDGE